IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Liberty Shipholding, Inc., § § § Plaintiff, § § v. § § Western Bulk Carriers AS, § § Defendant, § § and § § CEMEX Construction Materials Atlantic, LLC, § *et al.*, § § Garnishees § | CIVIL ACTION 1:21-cv-01265-UNA IN ADMIRALTY, Rule 9(h) |

**MOTION AND MEMORANDUM FOR ORDER FOR ISSUANCE OF<br>PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff Liberty Shipholding, Inc. ("Liberty") hereby moves, pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, for the issue of Process of Maritime Attachment and Garnishment ("Writs") for property of Defendant Western Bulk Carriers AS ("WBC"), held or controlled by garnishees or their agents located in this District, and providing further that the Clerk may issue additional writs on application of Plaintiff. In further support of this motion, Plaintiff states as follows.

Supplemental Rule B(a) provides as follows:

> If a defendant is not found within the district, when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property - up to the amount sued for - in the hands of garnishees named in the process.

Plaintiff has filed a Verified Complaint seeking process to attach and garnish, pursuant to Supplemental Rule B, the property of Defendant WBC that is found in this District. This Court

should now, on Plaintiff's Verified Complaint, and as Supplemental Rules B provides, grant Plaintiff's motion directing the Clerk to issue the Supplemental Rule B Writs.

## Facts

As set out in the Verified Complaint, Liberty is a corporation organized under the laws of the Marshall Islands and, at all times relevant to this action, the owner of the M/V CARAVOS LIBERTY (herein, the "Vessel").

WBC is a corporation organized under the laws of Norway and chartered the Vessel from Liberty.

Garnishees CEMEX Construction Materials Atlantic, LLC, CEMEX Construction Materials Florida, LLC, CEMEX Construction Materials Houston, LLC, CEMEX Construction Materials Pacific, LLC, CEMEX Construction Materials South, LLC, CEMEX Corp., CEMEX Southeast LLC, Nitron Group LLC, Livingston International, Inc. , and CSC Sugar, LLC are entities with offices or agents located in this District which, on information and belief as detailed below, Liberty reasonably believes hold accounts which are the property of and/or owing to WBC.

In February 2020, Liberty and WBC entered a charter party for the Vessel, on which WBC defaulted. The Vessel was loaded with cargo to be delivered at Chittagong, Bangladesh in April 2020.

Due to the pandemic, a lockdown was in place in Bangladesh in April, 2020. The Vessel arrived at the port of Chittagong on April 22, 2020. Liberty advised WBC that, by ordering the Vessel to discharge at Chittagong, it was in breach of the charter party. Despite this notification, WBC proceeded to discharge its cargo at Chittagong.

As a result of WBC's breach of the charter party, Liberty sustained damages of $1,970,760.18, which includes interest, attorneys' fees, and costs.

## The Writ Seeks Property Held by the Named Garnishee in this District

> Specifically, Rule B notes that process of attachment can reach all of "the Defendant's tangible or intangible personal property" and courts have construed this language expansively to recognize a variety of attachable interests -- including funds in a bank account, escrow in the court registry, debts owed to a defendant, and an arbitration award in Defendant's favor.

*Consub Del. L.L.C. v. Schahin Eugenharia Limitada*, 676 F. Supp. 2d 162, 167 (S.D.N.Y. 2009) (footnotes omitted, emphasis added). "The Rule's use of the possessive form - "defendant's" - makes ownership of the assets a criterion of their attachability. Rule B does not require that a defendant, in addition to ownership, have full control over its goods, chattels, credits or effects." *Starboard Venture Shipping v. Casinomar Transp.*, 1993 U.S. Dist. LEXIS 15891, *9 (S.D.N.Y. Nov. 9, 1993).

> Rule B(1) . . . provides that a maritime Plaintiff may 'attach the Defendant's tangible or intangible personal property.' It is difficult to imagine words more broadly inclusive than 'tangible or intangible.'" *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 276 (2d Cir. 2002) (citation omitted). Given the breadth of Rule B, it is recognized that the Rule permits a Plaintiff to attach, for example, "debts owed to the Defendant . . . even if they have not yet matured or have only partially matured," provided that "the Defendant's entitlement to the credit or interest in the debt [is] clear." Id. (*quoting* Robert M. Jarvis, An Introduction to Maritime Attachment Practice Under Rule B, 20 J. Mar. L. & Com. 521, 530 (Oct. 1989)). Accordingly, it has been held that where a transfer of funds between two third-parties is shown to have been made for the benefit of a Defendant subject to an order of attachment, the Defendant's "property interest in" the transfer may be "sufficient to render it attachable under Rule B." *Essar Int'l, Ltd. v. Martrade Gulf Logistics*, FZCO, No. 07 Civ. 3439 (WHP), 2007 U.S. Dist. LEXIS 61713, 2007 WL 2456629, at *2 (S.D.N.Y. Aug. 23, 2007).

*Novoship (UK) Ltd. v. Ruperti*, 567 F. Supp. 2d 501, 505 (S.D.N.Y. 2008).

Plaintiff has, in the Verified Complaint, set out enough facts to state a claim to relief that is plausible on its face and that the Garnishees hold property of Defendant within the meaning of Supplemental Rule B. The proposed Writs filed herewith name entities that, on information and

belief, do business with WBC. The proposed Order, submitted herewith, limits garnishments "to the amount sued for," as required by Supplemental Rule B.

Plaintiff's Verified Complaint sets out the factual "bases for its belief that [D]efendant's property may be found within this District, as well as the garnishees it seeks authorization to serve." *Wight Shipping, Ltd. v. Societe Anonyme Marocaine de L'Industrie Du Raffinage S.A.*, 2008 U.S. Dist. LEXIS 106420, *7 (S.D.N.Y. Nov. 24, 2008) (considering pleading requirements for "property held by garnishee" under Rule B). "At the pleading stage, no obligation exists to prove anything, only to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Capitol Records, Inc. v. City Hall Records, Inc.*, 2008 U.S. Dist. LEXIS 55300, *21–22 (S.D.N.Y. July 18, 2008) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007)). Plaintiff's allegations

> demonstrate a "plausible" entitlement to a maritime attachment" because they "at least show that it is plausible to believe that Defendant's property will be "in the hands of" garnishees in [this District] at the time the requested writ of attachment is served or during the time that service is effected.

*Peninsula Petroleum Ltd. v. New Econ Line Pte Ltd.*, 2009 U.S. Dist. LEXIS 24470, *5 (S.D.N.Y. Mar. 17, 2009).

This Court therefore should enter the proposed Order, providing for the Clerk to issue the requested Writs, because Plaintiff's Verified Complaint alleges facts that make it plausible to believe that: "(1) it has a valid *prima facie* admiralty claim against the [D]efendants; (2) the Defendants cannot be found within the district; (3) the [D]efendants' property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006); *Peninsula Petroleum*, 2009 U.S. Dist. LEXIS 24470 at *2–3 (Plaintiff in maritime case must at least meet pleading standard of Federal Rules of Civil Procedure, "which require[s] a Plaintiff to . . . allege

- 4 -

'enough facts to state a claim to relief that is plausible on its face'" (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

> *Twombly* is based on the principles that (1) a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 678-680. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id*. at 679. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id*. Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*.
>
> Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged).

*United States v. $33,984.00 in United States Currency*, 2012 U.S. Dist. LEXIS 83119, *4–5 (D. Neb. June 14, 2012).

Plaintiff seeks attachment of Defendant's property, namely accounts payable due to WBC from the Garnishees and any other funds/property maintained by the Garnishees for the benefit of WBC.

WHEREFORE, for the reasons stated herein, Plaintiff respectfully requests that the Court grant the instant Motion and direct the Clerk to issue the Writs requested. Plaintiff herewith

submits a draft order.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Timothy Jay Houseal*
Timothy Jay Houseal (Del. Bar ID No. 2880)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6682
thouseal@ycst.com

Liberty Shipholding, Inc. Counsel

**OF COUNSEL**
J. Stephen Simms
Simms Showers LLP
201 International Circle, Ste. 230
Baltimore, Maryland 21030
Telephone:    (410) 783-5795
Facsimile:    (410) 510-1789
jssimms@simmsshowers.com

Dated: September 3, 2021.